DeCailly Law Group, P.A.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
**BRAMZON & ASSOCIATES** )
**SPECIALTY LITIGATION LLC,** )
      )
     **Plaintiff,** )
      )
**v.** )     **Case No. 1:17-cv-1753**
      )
**STRATEGIC LITIGATION** )
**PARTNERS, L.P.,** )
      )
     **Defendant.** )
      )
————————————————————)

## VERIFIED COMPLAINT TO NULLIFY AND ENJOIN
## FALSE LIEN FILINGS, AND FOR DAMAGES

The Plaintiff, Bramzon & Associates Specialty Litigation LLC, brings this action to nullify and enjoin false lien filings made by the Defendant in the Washington D.C. Recorder of Deeds, the Florida Secretary of State, and the New York Secretary of State against it, to expunge and remove such documents from the public record, to enjoin the Defendant from all future filings of similar documents, and for **ONE HUNDRED NINE MILLION FIVE HUNDRED TEN THOUSAND THREE HUNDRED SIXTEEN U.S. DOLLARS (US$109,504,316)** in statutory and compensatory damages, plus attorneys' fees. In support of this action, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

DeCailly Law Group, P.A.

2.      Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) because the Defendant used Washington, D.C., recording mechanisms to harass and extort the Plaintiff into paying a debt it does not owe.

## PARTIES

3.      The Plaintiff is Bramzon & Associates Specialty Litigation LLC ("BASL"), a District of Columbia limited liability company operating as a law firm.

4.      The Defendant is Strategic Litigation Partners, L.P. ("SLP"), a Texas limited partnership.  This Court has jurisdiction over the Defendant under the District of Columbia Long-Arm Statute, D.C. Code Ann. § 13-423.

## HISTORICAL BACKGROUND

5.      BASL is in the business of representing thousands of plaintiffs in product liability-based mass tort claims, primarily including claims against manufacturers of defective transvaginal mesh devices.

6.      Beginning in 2016, BASL engaged a service provider called Key Legal Services LLC ("Key Legal"), to assist BASL in managing its case load, including case management, client outreach, and retrieval of medical records and corresponding nurse review.

7.      Also beginning in 2016, Key Legal engaged a services provider called The Record Company LLC ("TRC"), to assist Key Legal by engaging and managing several subcontracted medical record retrieval providers.

8.      One of the medical record retrieval providers retained by TRC was SLP.

9.      The first time BASL interacted with SLP in any way whatsoever was on February 17, 2017.  Prior to February 17, 2017, BASL had no interaction in any way with SLP.

Bramzon & Associates Specialty
Litigation LLC v. Strategic
Litigation Partners, L.P.                     Page 2 of 11                     Verified Complaint for
Injunction and $100,006,000 of
Damages, Plus Attorneys' Fees

DeCailly Law Group, P.A.

10.     At no time ever did SLP perform any services for BASL, and at no time ever did BASL owe any money, or have any transaction in any way, with SLP.

11.     On February 17, 2017, Key Legal and TRC approached BASL and asked BASL to agree to pay over certain monies that it was previously going to pay Key Legal and TRC, directly to SLP.  Key Legal and TRC explained to BASL that SLP had agreed to extend credit to TRC if BASL agreed to this payment instruction, and that this would improve the level of service from Key Legal and TRC.

12.     BASL agreed as a concession to Key Legal and TRC.  On February 17, 2017, BASL signed a direction letter drafted by SLP's counsel, acknowledging TRC's direction that BASL pay to SLP any amounts it would have paid to TRC on specific cases which TRC designated that TRC owed amounts to SLP for work that SLP did on those cases (the "Direction Letter").  A true, correct, and complete copy of that direction letter is attached to Defendant's latest UCC filing which was made on August 23, 2017 (and set out in paragraph 25 hereinbelow), a copy of which is attached hereto as Exhibit 4.

13.     Notably, though in the Direction Letter, there is a reference to an Exhibit A, which was supposed to be a detailed list of specific amounts on specific cases, which were directed by TRC to be paid to SLP, there was never any Exhibit A attached to the Direction Letter.  In fact, the only content of the Direction Letter is the single page attached to Defendant's latest UCC filing, a copy of which is attached hereto as Exhibit 4.  TRC has advised Plaintiff that there is a substantive dispute between TRC and Defendant over the invoices which Defendant rendered to TRC in an amount in excess of $1,000,000.

DeCailly Law Group, P.A.

14.     Plaintiff never agreed to grant SLP a security interest in any of its assets, by a security agreement or otherwise.  Plaintiff never consented to SLP filing a financing statement against Plaintiff.

15.     After signing the Direction Letter, Plaintiff had no further contact with Defendant until Defendant filed the false UCC Financing Statements detailed below.

**DEFENDANT'S FALSE LIEN FILINGS AGAINST PLAINTIFF**

16.     On June 14, 2017, SLP filed with the Washington, D.C., Recorder of Deeds ("DC Recorder"), a UCC-1 Financing Statement ("the 6/14/17 UCC Financing Statement"), a copy of which is attached as Exhibit 1.  The DC Recorder assigned the 6/14/17 UCC Financing Statement document number 2017064909.

17.     SLP also filed the 6/14/17 UCC Financing Statement with the Florida Secretary of State.

18.     SLP also filed the 6/14/17 UCC Financing Statement with the New York Secretary of State.

19.     On July 31, 2017 SLP filed with the Washington, D.C., Recorder of Deeds ("DC Recorder"), a UCC-3 Termination of Financing Statement ("the 7/31/17 UCC Termination"), a copy of which is attached as Exhibit 2.  The DC Recorder assigned the 7/31/17 UCC Termination document number 2017083803.

20.     SLP also filed the 7/31/17 UCC Termination with the Florida Secretary of State.

21.     SLP also filed the 7/31/17 UCC Termination with the New York Secretary of State.

22.     On July 31, 2017, SLP filed with the Washington, D.C., Recorder of Deeds ("DC Recorder"), a UCC-1 Financing Statement ("the 7/31/17 UCC Financing Statement"), a copy of

Bramzon & Associates Specialty
Litigation LLC v. Strategic                    Page 4 of 11                    Verified Complaint for
Litigation Partners, L.P.                                                      Injunction and $100,006,000 of
                                                                               Damages, Plus Attorneys' Fees

**DeCailly Law Group, P.A.**

which is attached as Exhibit 3.  The DC Recorder assigned the 7/31/17 UCC Financing Statement document number 2017083804.

23.     SLP also filed the 7/31/17 UCC Financing Statement with the Florida Secretary of State.

24.     SLP also filed the 7/31/17 UCC Financing Statement with the New York Secretary of State.

25.     On August 23, 2017 SLP filed with the Washington, D.C., Recorder of Deeds ("DC Recorder"), a UCC-3 Amendment to Financing Statement ("the 8/23/17 UCC Financing Amendment"), a copy of which is attached as Exhibit 4.  The DC Recorder assigned the 8/23/17 UCC Financing Amendment document number 2017093500.

26.     SLP also filed the 8/23/17 UCC Financing Amendment with the Florida Secretary of State.

27.     SLP also filed the 8/23/17 UCC Financing Amendment with the New York Secretary of State.

28.     The twelve UCC filings referred to in paragraphs 16 through 27 (the "Statements"), which purport to encumber the real and personal property of Plaintiff and others, are specifically designed to cause substantial interference with Plaintiff's business.  Moreover, SLP filed the Statements knowing that Plaintiff has a substantial financing transaction pending, and SLP is using the Statements in an effort to extort Plaintiff into paying SLP proceeds of that financing, even though Plaintiff does not owe SLP a single cent.

29.     On August 9, 2017, counsel for BASL sent counsel for SLP a Cease and Desist letter, instructing SLP to withdraw its Statements, a copy of which is attached as Exhibit 5.  SLP

DeCailly Law Group, P.A.

declined to do so, in an e-mail message to undersigned counsel, attached as Exhibit 6.  In that e-mail, counsel for SLP claims that the basis for the Statements was the Direction Letter.

<u>**COUNT I – NULLIFICATION OF AND INJUNCTION**</u>
<u>**AGAINST FALSE LIEN FILINGS**</u>

30.     This is an action by Plaintiff BASL against Defendant SLP for nullification of and injunction against false lien filings.

31.     Plaintiff re-asserts those allegations set out in paragraphs 1 through 29 as though they were fully set out herein.

32.     The Statements which SLP recorded against BASL were recorded wrongfully, without authorization.

33.     The Statements which SLP recorded against BASL lack any legal basis whatsoever.

34.     The Statements which SLP recorded against BASL impose an immediate and irreparable injury upon SLP by impeding, obstructing, and impairing the business of BASL.

35.     The public interest will be served by an order declaring the Statements null and void, and permanently enjoining SLP, its agents, employees, attorneys, and all others in active concert or participation with them, from filing, or attempting to file, any document or instrument which purports to create a nonconsensual lien against the property of BASL, and that of any managers, officers, directors, members, or contractors of Plaintiff.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, Bramzon & Associates Specialty Litigation LLC, respectfully prays as follows:

A.     That the Court determine, adjudge and declare that the Statements, to be null, void, and of no legal effect, and that record of the filings be expunged and removed from the public record;

DeCailly Law Group, P.A.

B.      That the Court grant leave to file any order or judgment obtained in this case with

the Washington D.C. Recorder of Deeds, the Florida Secretary of State, the New York Secretary

of State, and/or in the public records of any other jurisdiction(s) where documents identical or

similar to the Statements referred to in paragraphs 16 through 27, above may have been filed by

the Defendant;

C.      That the Court permanently enjoin Strategic Litigation Partners, L.P., its agents,

employees, attorneys, and all others in active concert or participation with them, from filing, or

attempting to file, any document or instrument which purports to create a nonconsensual lien

against the real and personal property of Plaintiff, and that of any managers, officers, directors,

members, or contractors of Plaintiff;

D.      That Bramzon & Associates Specialty Litigation LLP be awarded its costs and

reasonable attorneys' fees incurred in this action; and

E.      That the Court grant such other and further relief as the Court deems to be just

and proper.

## COUNT II – STATUTORY DAMAGES UNDER D.C. CODE § 28:9-625(e)(3) FOR FILING RECORDS NOT ENTITLED TO BE FILED UNDER D.C. CODE  § 28:9-509(a)

36.     This is an action by Plaintiff BASL against Defendant SLP for statutory damages

pursuant to D.C. Code § 28:9-625(e)(3), and any analogous statutes enacted in Florida and New

York.

37.     Plaintiff re-asserts those allegations set out in paragraphs 1 through 29 as though

they were fully set out herein.

38.     SLP filed twelve (12) records which SLP was not entitled to file under § 28:9-

509(a).

39.     BASL did not authorize any of the Statements in an authenticated record.

Bramzon & Associates Specialty
Litigation LLC v. Strategic          Page 7 of 11
Litigation Partners, L.P.

Verified Complaint for
Injunction and $100,006,000 of
Damages, Plus Attorneys' Fees

**DeCailly Law Group, P.A.**

40.     BASL and SLP did not ever enter into a security agreement.

41.     In the alternative, if BASL and SLP did enter into a security agreement, that security agreement did not describe any collateral.

42.     SLP was never entitled to any lien against BASL.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, Bramzon & Associates Specialty Litigation LLC, respectfully prays as follows:

A.     That the Court enter a judgment against Strategic Litigation Partners, L.P., in the amount of six thousand U.S. Dollars (US$6,000.00) for twelve violations of D.C. Code § 28:9-625(e)(3), which specifies that Plaintiff may recover $500.00 in each instance; and

B.     That the Court grant such other and further relief as the Court deems to be just and proper.

## COUNT III – CONSEQUENTIAL DAMAGES UNDER D.C. CODE § 28:9-625(b) FOR FILING RECORDS NOT ENTITLED TO BE FILED UNDER D.C. CODE  § 28:9-509(a)

43.     This is an action by Plaintiff BASL against Defendant SLP for consequential damages pursuant to D.C. Code § 28:9-625(b), and any analogous statutes enacted in Florida and New York.

44.     Plaintiff re-asserts those allegations set out in paragraphs 1 through 29 as though they were fully set out herein.

45.     SLP filed twelve (12) records which SLP was not entitled to file under § 28:9-509(a).

46.     BASL was attempting to obtain multiple financings at the time SLP filed the Statements.

47.     The first financing BASL was attempting to obtain was for $2.5 Million of secured debt.

DeCailly Law Group, P.A.

48.     The second financing BASL was attempting to obtain was for $25 Million of secured debt and mezzanine debt.

49.     Both financings were reliant upon the assets of BASL to provide security for the financings.

50.     BASL engaged multiple lenders, all of whom required a perfected security interest in the assets of BASL.

51.     When each of those lenders discovered the Statements, it declined to continue with the financing.  An email from BASL's investment banker, Bruce Goldstein, confirming this denial, is attached hereto as Exhibit 7.

52.     In combination, BASL had forecasted **One Hundred Nine Million Five Hundred Four Thousand Three Hundred Sixteen U.S. Dollars (US$109,504,316) of Before-Tax Income** which it could earn by deploying the capital from the proposed financings.

**53.**     As a result of SLP's wrongful filings of the Records, BASL is unable to obtain the financings, and therefore has lost the opportunity to earn **One Hundred Nine Million Five Hundred Four Thousand Three Hundred Sixteen U.S. Dollars (US$109,504,316) of Before-Tax Income.**

**WHEREFORE,** for the foregoing reasons, the Plaintiff, Bramzon & Associates Specialty Litigation LLC, respectfully prays as follows:

A.     That the Court enter a judgment against Strategic Litigation Partners, L.P., in the amount of **One Hundred Nine Million Five Hundred Four Thousand Three Hundred Sixteen U.S. Dollars (US$109,504,316)** for consequential losses caused by SLP's failure to comply with D.C. Code § 28, Article 9, resulting from BASL's inability to obtain financing, pursuant to D.C. Code § 28:9-625(b); and

**DeCailly Law Group, P.A.**

      B.     That the Court grant such other and further relief as the Court deems to be just and proper.

Dated: August 27, 2017             Respectfully submitted,

                           /s/ Paul DeCailly
                           Attorney for Plaintiff
                           Florida Bar Number 796301
                           DeCailly Law Group, P.A.
                           PO Box 490
                           Indian Rocks Beach, FL 33785
                           tel  (727) 824-7709
                           fax (866) 906-5977
                           pdecailly@dlg4me.com

                           /s/ Lonny H. Bramzon
                           Local Counsel for Plaintiff
                           U.S. District Court Bar ID 978091
                           Law Offices of Lonny Bramzon LLC
                           8720 Georgia Avenue, #1002
                           Silver Spring, MD 20910
                           tel (301) 699-7699
                           defender@bramzonlaw.com

**DeCailly Law Group, P.A.**

## <u>VERIFICATION</u>

I, Lonny H. Bramzon, declare under penalty of perjury that the foregoing is true and correct.  Executed on August 27, 2017.

/s/ Lonny H. Bramzon
Local Counsel for Plaintiff
U.S. District Court Bar ID 978091
Law Offices of Lonny Bramzon LLC
8720 Georgia Avenue, #1002
Silver Spring, MD 20910
tel (301) 699-7699
defender@bramzonlaw.com
